PEOPLE *v.* ZERILLI

OBSCENITY—CRIMINAL LAW—SELLING OBSCENE MATTER.

> Defendant's conviction for selling obscene material cannot stand where the statute under which he was convicted does not reflect a specific and limited concern for juveniles, there was no evidence of pandering, there was no evidence of an assault on individual privacy such that it would be difficult for an unwilling individual to avoid exposure to the material, and the publications in question were of a type that is not obscene for adults.

Appeal from Recorder's Court of Detroit, Groat (Gerald W.), J. Submitted Division 1 June 10, 1968, at Detroit. (Docket No. 3,728.) Decided November 29, 1968.

Sam Zerilli was convicted of possession with intent to sell and sale of obscene publications. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE

33 Am Jur, Lewdness, Indecency, and Obscenity §§ 9, 10, 20, 21.
Constitutionality of federal and state regulation of obscene literature—federal cases. 5 ALR3d 1158.

Per Curiam: Plaintiff appeals his jury trial conviction of possession with intent to sell and sale of obscene publications.[1]

The publications that were purchased by police officers from the defendant at his Tip-Top Book Store were typical so-called "girlie" and "nudist" magazines.

We are satisfied that the seized publications are of the same type held not to be "obscene in the constitutional sense"[2] in *Redrup* v. *New York* (1967), 386 US 767 (87 S Ct 1414, 18 L Ed 2d 515), and in the cases collected in footnote 3 of *Ginsberg* v. *New York* (1968), 390 US 629 (88 S Ct 1274, 20 L Ed 2d 195).

No claim has been made that the statute in question reflects "a specific and limited state concern for juveniles," nor is there "any suggestion of an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it," nor is there "evidence of the sort of 'pandering' which the Court found significant in *Ginzburg* v. *United States* (1966), 383 US 463 (86 S Ct 942, 16 L Ed 2d 31)." See *Redrup* v. *New York, supra,* p 769.

Reversed. The defendant is discharged.

T. G. Kavanagh, P. J., and Levin and Newblatt, JJ., concurred.

___

[1] CL 1948, § 750.343a as amended by PA 1964, No 143 (Stat Ann 1968 Cum Supp § 28.575[1]).

[2] *Memoirs* v. *Massachusetts* (1966), 383 US 413, 418 (86 S Ct 975, 16 L Ed 2d 1).